IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 3:18-cr-186 |
| ) | |
| Plaintiff, ) | (Judge Thomas M. Rose) |
| ) | |
| v. ) | |
| ) | |
| BRIAN HIGGINS, ) | |
| ) | |
| Defendant. ) | |

_____

MOTION FOR DISCOVERY AND A BILL OF PARTICULARS
_____

Now comes Defendant, Brian Higgins, by and through counsel, and hereby moves this Court for an Order directing the United States Attorney's Office to provide the full and complete discovery for which he is entitled under the law. Furthermore, Mr. Higgins moves, pursuant to Fed. R. Crim. P. 7(f), for a bill of particulars.

**I. DISCOVERY**

Mr. Higgins is charged by Indictment with mail and wire fraud offenses in violation of 18 U.S.C. 1341 and 1343. (Doc. #5.) The Indictment claims Mr. Higgins intended to defraud Assurant (Standard Guaranty Insurance Company) out of insurance proceeds meant for the repair of his home by diverting them for his own personal benefit. The allegation of a "scheme to defraud" hangs upon two claims. First, that Mr. "Higgins created and caused to be created false, fraudulent, and fictitious paperwork that materially misrepresented the repair work performed on this property." (Doc. #5, p.

4.) Second, that Mr. "Higgins also engaged in conversations with Assurant in which he materially misrepresented and fraudulently omitted material facts concerning, among other things, the status of work at the Meeker Residence." *Id.*

Based upon the allegations set forth in the Indictment, and highlighted above, it would be expected for the above referenced "paperwork" to be included by the government in the discovery materials. Such "paperwork," however, has not been provided to defense counsel. Neither has the government provided any recorded conversations between Mr. Higgins and Assurant during which he made any statements, whether they be misrepresentations or otherwise. The failure of the government to provide these documents and recordings, upon which the Indictment is based, is especially noteworthy as the two discovery letters detail 186 different pieces of evidence. Defense counsel has received no explanation for the omission of this foundational evidence.

The above referenced evidence is essential to getting an understanding of the "scheme to defraud" that is alleged. However, even less crucial pieces of evidence that are nonetheless necessary elements included in the Indictment, have not been provided. The mailing set forth in Count I of the Indictment that was allegedly made for the purpose of executing the scheme is a Letter from Assurant dated 8/15/14. (Doc. #5, p. 5.) No such letter was provided. Count II identifies a check dated 9/10/14, which was not provided. Count III identifies a letter from Assurant dated 2/4/15, which was not provided. And, Count IV identifies an email from Mr. Higgins to Assurant dated 8/28/14, which was not provided. (Doc. #5, p. 7.)

The second aspect of the alleged scheme to defraud, that Mr. Higgins "engaged in conversations with Assurant in which he materially misrepresented and fraudulently omitted material facts concerning, among other things, the status of work" is similarly absent from discovery. It is common knowledge that conversations with insurance companies are recorded. No such recordings have been provided. The government has an obligation to do so under Fed. R. Crim. P. 16(a)(1)(B).

Accordingly, Defendant is unable to understand the facts supporting the government's general, non-specific, and undetailed allegations set forth in the Indictment. The defense requests the government be ordered to provide the following discovery to which Mr. Higgins is entitled under the law:

(1) Statements

    (a) Defendant's Written or Recorded Statements [FRCrP 16(a)(1)(B)]. (1) Any relevant written or recorded statement by the defendant within the possession, custody or control of the government that are known to you, or through due diligence may become known. (2) Any reference in any written record of any oral statement made before or after arrest by the defendant to a person known by the defendant to be a government agent.

    (b) Defendant's Oral Statements [FRCrP 16(a)(1)(A)]. The substance of any oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent or law enforcement officer that the government intends to use in any manner at trial regardless of whether any written record of the statement exists. In the event the

3

government intends to use such an oral statement at trial, Defendant requests that it be reduced to writing and produced. This request includes the substance of the defendant's response to Miranda warnings, if ever read to him.

(c) Defendant's Prior Record [FRCrP 16(a)(1)(D)]. A copy of the defendant's criminal record (if the government believes one exists) within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government. This request includes the defendant's entire criminal record, including all arrests and offenses regardless of conviction or severity. It includes all matters that may affect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

(2) Documents, Data and Objects

(a) Material To Preparing A Defense [FRCrP 16(a)(1)(E)(i)]. Inspection, copying or photographing of documents, data or tangible objects within the possession, custody or control of the government and are material to the preparation of the defense. Separately identify any materials the government intends to use at trial in-chief.

(b) Material Government Intends To Use In-Chief [FRCrP 16(a)(1)(E)(ii)]. Produce or otherwise make available all documents, data and tangible objects, including tape recordings and transcripts, which the government intends to use as evidence in-chief. In this regard, produce any index or working exhibit list of items you intend to introduce at trial. Provide notice of the government's intention

to use any evidence in-chief discoverable under Rule 16 which the defense may seek to suppress [FRCrP 12(b)(4)(B)].

(c) Obtained From or Belonging To Defendant [FRCrP 16(a)(1)(E)(iii)]. All materials obtained from or belonging to the defendant that are within the possession, custody or control of the government regardless of how obtained or the identity of the person who obtained them. This would necessarily include all of the evidence that the government took from the defendant's home and business during any searches by law enforcement or its agents.

(3) Reports of Examinations and Tests [FRCrP 16(a)(1)(F)].

Results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody or control of the government or by the existence of due diligence may become known to you, and material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. In the event the results of any scientific tests were reported orally to the Assistant United States Attorney or to any government official or law enforcement officer, cause a written report of the results to be made and produced.

(4) Expert Witnesses [FRCrP 16(a)(1)(G)]

In the event the government intends to offer any expert testimony under the Federal Rules of Evidence through any witness, including a government agent or employee or law enforcement officer. Defendant requests the preparation and production of a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert witness.

5

(5) Other Offense Evidence [FRE 404(b)]

Any "other offense" evidence the government intends to introduce in its case in-chief.

(6) Summary Witness or Charts [FRE 1006]

In the event the government intends to call a summary witness at trial or present evidence in the form of a chart, production at a reasonable time prior to trial of all of the original documents or tape recordings on which such testimony or chart is based.

(7) Brady/Giglio Material

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), produce sufficiently in advance of trial any exculpatory evidence material to guilt or punishment, including impeachment evidence or information. Should there be a question with regard to whether certain information constitutes Brady/Giglio material, or when it must be produced, Defendant requests that the information be presented to the court, with notice to defense counsel, for review in camera to resolve these issues.

If it is believed that any Brady/Giglio material is also Jencks Act material, Defendant requests that it be presented to the court for in camera review and defense counsel be advised of the general nature of the evidence. It is requested that there be production prior to trial of all Brady/Giglio material that is not covered by the Jencks Act.

(8) Jencks Act Material

Pretrial production of Jencks Act material within a reasonable time prior to the day of a witness' direct examination.

6

## II. BILL OF PARTICULARS

The Supreme Court has held that the Fifth Amendment indictment clause and the Sixth Amendment notice clause, as reflected in Fed. R. Crim. P. 7(c), require that the indictment "sufficiently apprise the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763-64 (1962) (quotations and citations omitted). Fed. R. Crim. P. 7(c)(1) provides that an indictment shall contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(f) gives the Court discretion to direct the filing of a bill of particulars in that regard. *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999). Courts should grant a motion for a bill of particulars when "'necessary to prevent unfair surprise at trial'" and the Court must strike a "'prudent balance' between the legitimate interests of the government and those of the defendants." Id. (citing *United States v. Butler*, 822 F.2d 1191, 1192-93 (D.C. Cir. 1987) (additional citations omitted)). A bill of particulars "properly includes clarification of the indictment[.]" *Ramirez*, 54 F.Supp. 2d at 30. Specific to this case, a bill of particulars should be required when the government has attempted "to proceed furtively" in relation to discovery matters. *United States v. Bortnovsky*, 820 F.2d 572, 575 (2nd Cir. 1987).

As detailed in Section I, *supra*, the Indictment in this case speaks in terms of generalities. It makes conclusory statements without providing the underlying facts upon which the conclusions are made. It is unclear to the defense exactly how an insurance company was defrauded in this case. Mr. Higgins repaired his home to the extent monies were paid for those repairs. When the insurance company stopped paying for

repairs, he was unable to complete the repairs. Mr. Higgins was also stymied in his ability to do repairs by the government's confidential informant. The confidential informant kept more money from the insurance company than was ever distributed for repairs. At one point, Mr. Higgins called the police and informed them that the informant was refusing to release money that was needed to pay subcontractors, and for which the insurance company had paid the informant.

Portions of certain conversations that have been provided by the government are illustrative of the position of the defense:

> -On **October 20, 2014**, the informant tells Mr. Higgins that maybe another contractor should write checks to make things look "legitimate." Mr. Higgins responds by stating there is nothing fraudulent going on.
>
> -The informant also asks Mr. Higgins if he is going to divert funds to a business of his, and Mr. Higgins affirmatively states that he is not.
>
> -The informant asks Mr. Higgins if he is going to fix the house, and he responds by saying he would be stupid not to fix the house.
>
> -The informant tells Mr. Higgins that he's trying to make it so nobody gets in trouble. Mr. Higgins doesn't understand, saying that nothing fraudulent will be presented to the insurance company.
>
> -On **November 21, 2014**, Mr. Higgins has an extensive conversation with the Informant asking him where the money is that the Informant was paid by the insurance company for the repair of the home, and that the Informant did not use to repair the home.

-On **February 25, 2015**, the Informant asks Mr. Higgins if he wrote a certain letter from one of the material suppliers. Mr. Higgins explains that the individual that signed the letter wrote it, which is what law enforcement's investigation revealed.

-On **April 7, 2015**, an extensive discussion takes place between Mr. Higgins and the Informant where Mr. Higgins expresses extreme displeasure with the Informant's failure to pay subcontractors for work completed, and for the Informant's failure to do work on the home. Instead, the Informant pocketed the money paid directly to him. Mr. Higgins explains that all he wants to do is get his house fixed, and is exasperated by the Informant using the insurance money for the Informant's personal gain or other projects.

-On **April 10, 2015**, the Informant offers to provide Mr. Higgins with some cash. Mr. Higgins declines the offer.

This is just a random sampling of conversations between the Informant and Mr. Higgins about the repair of his home. At no point does Mr. Higgins ever state that he is looking to defraud anyone. In fact, he states the exact opposite. If there is a scheme to defraud, it appears to be devised by the Informant for his own personal gain and to the detriment of Mr. Higgins and the mortgagee.

The government must be required to state the specific facts upon which it bases the conclusions set forth in the Indictment. The government must state specifically how Mr. Higgins misrepresented anything to the insurance company, as well as the specific

9

property Mr. Higgins defrauded from the insurance company. Without which, Mr. Higgins is unable to properly and completely prepare a defense to the general accusations.

### III. CONCLUSION

Wherefore, Mr. Higgins prays this Honorable Court will Order the government to provide complete discovery, as well as a Bill of Particulars that completely and thoroughly sets forth the underlying facts supporting the nature of the charges set forth in the Indictment.

Respectfully submitted,

/s/Anthony R. Cicero
ANTHONY R. CICERO #0065408
CiceroAdams, LLC
500 East Fifth Street
Dayton, Ohio 45402
937.424.5390 phone
937.424.5393 facsimile
TonyCicero@gocicero.com
*Trial Attorney for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I electronically filed the foregoing with the Clerk of Court, which will automatically serve Brent Tabacchi, Assistant U.S. Attorney, 602 Federal Building, 200 West Second Street, Dayton, Ohio 45402.

/s/Anthony R. Cicero
ANTHONY R. CICERO #0065408
CiceroAdams, LLC
500 East Fifth Street
Dayton, Ohio 45402
937.424.5390 phone
937.424.5393 facsimile
TonyCicero@gocicero.com
*Trial Attorney for Defendant*