Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,   )CASE NO.: 3:18-cr-186
                            )
     Plaintiff,             )(Judge Thomas M. Rose)
                            )
         -vs-               )
                            )
BRIAN HIGGINS,              )
                            )
     Defendant.             )
_____)

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE, PRESIDING
TUESDAY, JULY 14, 2020
DAYTON, OH

APPEARANCES:

For the Plaintiff:     MR. BRENT G. TABACCHI, ESQ.
                       U.S. Attorney's Office
                       200 W. Second Street,
                       Room 602
                       Dayton, Ohio  45402


For the Defendant:     MS. TAMARA S. SACK, ESQ.
                       130 West Second Street,
                       Suite 310
                       Dayton, Ohio  45402

   Proceedings recorded by mechanical
stenography, transcript produced by computer.

Jamie S. Hurley
Court Reporter
Britton & Associates
201 Riverside Drive, Suite 2B
Dayton, Ohio 45405
*** *** *** ***

Electronically signed by Jamie Hurley (501-205-026-7923)    1496307d-ecfe-44b1-9308-d3aad534920d

Page 2

```
 1        P-R-O-C-E-E-D-I-N-G-S                    2:47 P.M.
 2                    THE COURT:  We're before the Court
 3   this afternoon, the matter of United States of
 4   America versus Brian Higgins.  This is Case Number
 5   3:18-cr-186 and we're here pursuant to a motion to
 6   continue that was filed by Mr. Higgins through
 7   counsel, Ms. Sack, requesting that the trial now
 8   scheduled to commence on July the 27th, 2020 be
 9   continued.  Counsel enter their appearance for the
10   record, please.
11                    MR. TABACCHI:  Good afternoon,
12   Your Honor.  Brent Tabacchi on the behalf of the
13   United States.
14                    MS. SACK:  Good afternoon, Your
15   Honor.  Tamara Sack on behalf of Brian Higgins.
16                    THE COURT:  All right.  And, Ms.
17   Sack, this is your motion.  Do you wish to
18   supplement?
19                    MS. SACK:  Your Honor, at issue is
20   that I recently came onboard to serve as
21   Mr. Higgins' counsel.  I believe my appointment was
22   the end of April.  At issue is I received a bulk of
23   discovery concerning hundreds of pages of bank
24   records.  I've been able to get through some of
25   them but it is necessary to fully understand any
```

1  forensic accounting associated with those records
2  and, indeed, the records of Mr. Higgins.  Your
3  Honor, as well Mr. Higgins and I have been meeting
4  regularly and in earnest.  I'm sure he can attest
5  to that.  We are working earnestly to prepare for
6  trial and the time is needed, is necessary to
7  afford Mr. Higgins a full and fair trial and I
8  discussed this with him and he agreed for me to ask
9  for this continuance and he has signed this
10 continuance as well.
11             THE COURT:  All right.  And you
12 believe he understands the fact that any time from
13 now until the new trial date, from the date of the
14 motion until the new trial date is waived; is that
15 correct?
16             MS. SACK:  Yes, Your Honor.
17             THE COURT:  All right.  How about
18 that Mr. Higgins; do you understand all this?
19             THE DEFENDANT:  I do, Your Honor.
20 I have a brief statement I would like to make to
21 the --
22             THE COURT:  Does it have to do
23 with the continuance?
24             THE DEFENDANT:  It does.
25             THE COURT:  Okay.

```
                                                              Page 4
 1                    THE DEFENDANT:  It does.
 2                    THE COURT:  Do you, I mean, are
 3   you in agreement with the motion to continue?
 4                    THE DEFENDANT:  I am agreeing with
 5   the motion to continue; however, I'd like to
 6   address The Court.
 7                    THE COURT:  About what?
 8                    THE DEFENDANT:  Well --
 9                    THE COURT:  I'm just trying to
10   protect you, Mr. Higgins.  Basically we're here for
11   a very narrow thing.  We're here for a narrow issue
12   of whether or not the Court grants a motion to
13   continue the trial.
14                    THE DEFENDANT:  Understood.
15   Understood.
16                    THE COURT:  All right.
17                    THE DEFENDANT:  However, my
18   counsel and I had a conversation which I was
19   assured that I would be able to address the Court.
20                    THE COURT:  With regard to the
21   motion to continue?
22                    THE DEFENDANT:  With regard to --
23                    THE COURT:  Well, no one agrees to
24   what I hear.
25                    THE DEFENDANT:  Understood.
```

Page 5

1  Understood.
2              THE COURT:  All right.
3              THE DEFENDANT:  With that being
4  said, Your Honor.  I cannot move forward with the
5  continuance.
6              THE COURT:  What does that mean?
7              THE DEFENDANT:  I will not waive
8  my right to a continuance.
9              THE COURT:  What do you want to
10 say about the continuance?
11             THE DEFENDANT:  I don't know.
12 Maybe, Ms. Sack, do you want to address, I thought
13 this was already, I thought we had a --
14             (Counsel conferring with
15 Defendant.)
16             THE COURT:  I'll tell you what,
17 hold on, Ms. Sack.
18             MS. SACK:  Okay.
19             THE COURT:  Mr. Higgins, Ms. Sack
20 has indicated that I would hear what you had to
21 say?
22             THE DEFENDANT:  That is correct,
23 Your Honor.
24             THE COURT:  All right.  Go ahead.
25             THE DEFENDANT:  Thank you for the

Page 6

1  opportunity to address this Court, by the way.  For
2  the past 412 days I have had the weight of the
3  Government on my neck.  For the past 412 days I
4  have been included in what the Government has
5  called Operation Demolished Integrity, a Dragnet
6  Operation led by a questionable confidential
7  informant in which I have been publicly tarred and
8  feathered.
9               While my case involves a ruptured
10 fish tank, I always took the precautionary measures
11 to engage that I did not engage in any illegal acts
12 in completing the repairs.  In fact, I sought out
13 legal advice from my previous counsel on how not to
14 err.  The mistake I made was allowing Mr. Marshall
15 and United Demolition to enter my home, a case that
16 I'm currently litigating in Montgomery County
17 Common Pleas Court.  For the past ten years I have
18 dedicated my life to exposing public corruption
19 having spent hundreds of thousands of dollars
20 unearthing what may go down as one of the largest
21 public corruption schemes in modern times.  The
22 crimes that I have unearthed are very disturbing
23 and monumental in size and scope.  The vile crimes
24 include a convicted child sexual predator who is
25 the ring leader of an international ghosting scheme

Electronically signed by Jamie Hurley (501-205-026-7923)                1496307d-ecfe-44b1-9308-d3aad534920d

1  using the identity of the deceased for things to
2  include passport, medical cards on the black
3  market, just to name a few.
4              In addition, I have unearthed a
5  multi-billion dollar procurement scheme on a
6  federally funded program that is being carried out
7  by numerous elected officials.  Seeing no
8  alternative, I went to the local FBI Resident
9  Office three weeks prior to my indictment in which
10 I was interviewed by a local field agent.  After
11 several conversations I was asked to meet again at
12 the local field office to turnover 3,000 pages of
13 evidence of the crimes that I had unearthed.
14             This meeting was confirmed and to
15 take place at the Clyo Road location with members
16 of the Chicago Field Office.  Upon my arrival at
17 07:30 hours on April 30th, 2019 I was arrested and
18 shackled on the charges that are before this Court.
19 Since my April 30th, 2019 arrest, the Government
20 requested yet another meeting.  On January 21st,
21 2020 I was asked to wear a wire on the ring leader,
22 I declined, as well as to testify against a
23 powerful elected official in Chicago, which I
24 agreed to.
25             I was informed by the prosecutor

1  that agents from the Chicago Field Office would,
2  once again, be scheduling an interview with me and
3  my counsel within two weeks.  To date there has
4  been no meeting.  In fact, it's obvious that the
5  Government is in on the above-mentioned crimes.  To
6  date the White House as well as the Attorney
7  General, Christopher Wray, and my senator, Sherrod
8  Brown, have been put on notice and are monitoring
9  the case before this Court.
10                 I humbly respect this Court and
11 the process in which I am bound.  After careful
12 consideration and conferring with my counsel, I
13 agree to waive my Sixth Amendment right for yet a
14 fourth time.  I pray that if the United States of
15 America proves my guilt beyond a reasonable doubt
16 and a preponderance of the evidence, this Court
17 sentence me to the maximum allowed by law.  Thank
18 you, Your Honor.  I rest.
19                 THE COURT:  All right.  Thank you.
20 So, Mr. Higgins, you do understand the waiver of
21 the speedy trial rights and you are consenting to
22 it; is that correct?
23                 THE DEFENDANT:  I am, Your Honor.
24                 THE COURT:  All right.
25 Understanding that, I believe that we're looking at

Page 9

```
 1   a trial date somewhere towards the end of the year;
 2   do you understand that?
 3                   THE DEFENDANT:  I do, Your Honor.
 4                   THE COURT:  All right.  Thank you.
 5   Any objection from the Government?
 6                   MR. TABACCHI:  No objection to the
 7   continuance.
 8                   THE COURT:  All right.  Well, the
 9   Court does find based upon the presentation of
10   counsel with regard and the motion to continue this
11   before the court that the discovery in this case,
12   well, first, that counsel has just recently been
13   brought on the case or within the recent past that
14   discovery in this case is extensive, detailed,
15   somewhat complex, and that additional time is
16   necessary for counsel and the Defendant to examine
17   those records in discovery and to prepare for
18   trial.
19                   The Court further finds that
20   failure to grant a continuance as prayed for by
21   Mr. Higgins would result in a miscarriage of
22   justice and would deny Mr. Higgins as well as Ms.
23   Sack on his behalf the necessary time to prepare
24   for trial.  So, therefore, the Court finds that
25   within the factual and legal confines of this case,
```

1 the ends of justice in granting this continuance as
2 prayed for by the Defendant and consented to by all
3 parties outweigh the best interest of the public
4 and the Defendant in the speedy trial.
5          So, therefore, the Court does find
6 the motion well founded.  The Court is going to
7 continue the matter from the previously scheduled
8 trial date of Monday, July the 27th, 2020 until
9 Monday, November the 2nd, 2020 at 9 o'clock.  We
10 will be conducting a final pretrial conference then
11 on October the 15th, 2020 at 2:30.  Anything
12 further to come before the court, Ms. Sack?
13          MS. SACK:  No.  Thank you, Your
14 Honor.
15          THE COURT:  Mr. Tabacchi?
16          MR. TABACCHI:  No, Your Honor.
17          THE COURT:  Do you understand
18 everything, Mr. Higgins?
19          THE DEFENDANT:  I do, Your Honor.
20          THE COURT:  All right.  Thank you
21 very much.
22          THE COURTROOM DEPUTY:  All rise.
23 This court stands in recess.
24          (Proceedings concluded at 2:56
25 p.m.)

1                    C E R T I F I C A T E
2
3              I, Jamie S. Hurley, a Court Reporter
4     and Notary Public do hereby certify that the
5     foregoing is a full, true and correct transcript of
6     my notes taken in the above-styled case and
7     thereafter transcribed by me.
8
9
10              *[signature: Jamie S. Hurley]*
                _____
11                 Jamie S. Hurley
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Electronically signed by Jamie Hurley (501-205-026-7923)                    1496307d-ecfe-44b1-9308-d3aad534920d