# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:18-cr-186

                                  District Judge Thomas M. Rose

- vs -    :

BRIAN HIGGINS,

           Defendant.    :

## DECISION AND ORDER

This case came on for hearing in open court on Thursday, September 3, 2020, on a number of matters, including the First Motion of the United States for issuance of an order to show cause (ECF No. 41). Defendant was present in person and was represented by Attorney Tamara Sack; the United States was represented by Assistant United States Attorney Brent Tabacchi.

Regarding the possible contempt matter, Defendant requested and was granted an opportunity to make a statement under oath.[1]

Based on the evidence presented in the hearing, the Court makes the following findings of fact and conclusions of law:

---

[1] Ms. Sack assured the Court in chambers before the hearing that Mr. Higgins had been advised of his right not to make any statement by virtue of his privilege against self-incrimination.

1

On the unopposed Motion of the United States (ECF No. 35), the Court entered a Protective Order in this case on July 30, 2020 (ECF No. 36). In pertinent part, that Protective Order provides:

> Defendant and his counsel will not disclose the information contained in the Discovery Materials [as defined in the Protective Order] directly or indirectly to any person except: attorneys or investigators who are assisting in defense; individuals who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals"). Upon disclosing information contained in the Discovery Materials to an Authorized Individual, defendant and his counsel must provide the Authorized Individual with a copy of the Court's Protective Order and advise the Authorized Individual that he or she will be subject to the same obligations as imposed upon defendant's counsel by the Protective Order.
>
> Defendant and his counsel may use the Discovery Materials solely in the defense of this case and for no other purpose.

(ECF No. 36, PageID 134-35).

After receiving the Protective Order and with full knowledge of its content, Defendant violated the Protective Order by using information contained in the Discovery Materials to file an Amended Complaint in the case of *Higgins v. Marshall*[2], et al., Case No. 2020-CV-01219, pending in the Common Pleas Court of Montgomery County, Ohio, before The Honorable E. Gerald Parker, a judge of that court. An authentic copy of that Amended Complaint is filed under seal in this Court (ECF No. 40). Defendant is the plaintiff in that case and is proceeding there *pro se*; his signature appears at pages 6 and 7 of the Amended Complaint. Information in ¶¶ 9, 11, 12, 17, 18, and 21 of the Amended Complaint is acknowledged on the face of the document to have been derived from the Discovery Materials and to be protected by the Protective Order. Furthermore, extensive documents from the Discovery Materials are attached to the Amended Complaint, Defendant acknowledged filing the Amended Complaint in the Common Pleas Court.

---

[2] Two of the Defendants in that case are potential government witnesses at trial in this case.

Mr. Tabacchi further represented that on August 10, 2020, a person representing herself as Defendant's wife and who purported to be acting on his behalf appeared at the offices of the law firm of Taft Stettinius and produced five pages of documents from the Discovery Materials to that firm. Mr. Tabacchi's representation was uncontested.

In his sworn statement, Mr. Higgins acknowledged that his counsel, Ms. Sack, had advised him to comply scrupulously with the Protective Order. He further acknowledged that his suit in the Common Pleas Court is against persons whom he identifies as the government's "confidential human sources." He averred that, on motion of the defendants in that case for a more definite statement, Judge Parker had ordered him to file an amended complaint. He claimed that he had done so while complying with the Protective Order and averred that the identity of the government's confidential human sources had been made public in various ways.

The Court has examined Judge Parker's Order[3] for a definite statement in the Common Pleas case and finds that it in no way purports to require or permit Higgins to violate this Court's Protective Order in preparing and filing an amendment complaint.

The Court finds that Defendant's filing of the Amended Complaint and the furnishing of Discovery Materials to the person purporting to be his wife are in violation of the Protective Order and therefore in contempt of this Court. It is hereby ORDERED that, not later than September 13, 2020, Defendant shall purge himself of this contempt by (1) filing a motion with Judge Parker for leave to file an amended complaint that complies with the Protective Order and (2) retrieving from the person who represented herself to Taft Stettinius as his wife any Discovery Materials with which she has been provided. Defendant shall demonstrate his compliance by filing a declaration

---

[3] Available at http://www.clerk.co.montgomery.oh.us/pro/pro, last visited September 3, 2020.

3

under penalty of perjury or affidavit of the acts he has taken to comply with this Order and attach a file-stamped copy of the filing in Common Pleas Court.

Defendant is advised that violations of this Order or further violations of the Protective Order may be punished as criminal contempts of this Court by a definite term of imprisonment or result in Defendant's indefinite confinement in civil contempt until he purges any further contempts.

Defendant is hereby advised that, in connection with this contempt proceeding, Defendant has the following rights:

1. To be represented by an attorney;

2. Because the Court may impose a sentence of indefinite confinement for civil contempt and/or definite confinement for criminal contempt, to be represented by Ms. Sack in such proceeding at Government expense;

3. To compel the Plaintiff to prove its case by clear and convincing evidence as to the civil contempt charge and by proof beyond a reasonable doubt as to the criminal contempt charge;

4. To obtain the presence of witnesses in Defendant's own behalf by compulsory process if necessary; and

5. To cross-examine the witnesses against Defendant.

**Amendment to Conditions of Release**

In order to ensure the integrity of the process in this case, the Order Setting Conditions of Release (ECF No. 11) is AMENDED to include as a Condition of Release that Defendant comply strictly with the terms of the Protective Order and any further pre-trial orders issued by this Court.

4

Violation of this Additional Condition may result in any of the consequences of which Defendant is notified in the Order Setting Conditions.

    IT IS SO ORDERED:

Date: **September 3, 2020**      *s/Thomas M. Rose*

                                                 **Thomas M. Rose**
                                               **United States District Judge**