UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:18CR186TMR |
| | : |
| Plaintiff, | : **UNITED STATES' MOTION IN LIMINE** |
| | : **No. 2: REQUESTING ORDER DECLARING** |
| vs. | : **CERTAIN DEFENDANT'S STATEMENTS** |
| | : **INADMISSIBLE HEARSAY** |
| **BRIAN HIGGINS,** | : |
| | : |
| Defendant. | : |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files this motion in limine, seeking to deem certain statements of the defendant inadmissible hearsay. This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at any hearing on this matter.

DATED: January 8, 2020          Respectfully submitted,

                                DAVID M. DEVILLERS
                                UNITED STATES ATTORNEY

                                s/Brent G. Tabacchi
                                BRENT G. TABACCHI (6276029 IL)
                                Assistant United States Attorneys
                                Attorneys for Plaintiff
                                602 Federal Building
                                200 West Second Street
                                Dayton, OH  45402
                                Telephone: (937) 225-2910
                                Fax: (937) 225-2564

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

During 2014 and 2015, federal agents obtained consensually recorded conversations between defendant Brian Higgins and other individuals concerning his involvement in the insurance fraud scheme alleged in the indictment. Although Mr. Higgins made multiple inculpatory admissions during these recordings, he, at times, also made self-serving statements concerning his illegal activities. The United States now seeks an order precluding *Mr. Higgins* from introducing at trial during the cross-examination of government witnesses any statements that he made during these recordings; when a defendant seeks to introduce such statements through cross-examination, they constitute improper hearsay and therefore are inadmissible under the Federal Rules of Evidence.

**II**

**ARGUMENT**

Under the Federal Rules of Evidence, the government may offer during its case-in-chief a defendant's statements to its witnesses because such statements constitute non-hearsay admissions of a party opponent. *See* Fed. R. Evid. 801(d)(2)(A); *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (defendant's statements to government witness admissible under party opponent rule); *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) ("Rule

801(d)(2)(A) authorized the Government to question [the] Postal Inspector [] on direct examination regarding certain statements made by [the defendant] because of [the defendant's] status as a party opponent"); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (same proposition). In comparison, "Rule 801(d)(2), however, does not extend to a party's attempts to introduce his or her own statements through the testimony of another witness" during cross-examination. *McDaniel*, 398 F.3d at 545 (emphasis in original) (holding defendant could not seek to introduce his own statements through cross-examination of government agent). "Indeed, if such statements were deemed admissible [through cross-examination], parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *Id.*; *see also Ortega*, 203 F.3d at 682. In short, a defendant may not introduce during cross-examination of a government witness his statements to that witness because such utterances constitute inadmissible hearsay. *See Ford*, 761 F.3d at 652; *McDaniel*, 398 F.3d at 345. If a defendant wishes "to rebut [his] own admissions," he may "testif[y] at trial." *Ford*, 761 F.3d at 652

For instance, in *McDaniel*, the United States introduced at trial certain statements that the defendant had made to a postal inspector. *Id.* at 544. During the cross-examination of the postal inspector, defense counsel attempted to elicit additional (albeit self-serving)

3

statements that his client had made to this law enforcement officer. *Id.* The United States objected, noting that the defense was attempting to admit hearsay testimony through cross-examination -- namely, the defendant's additional self-serving statements to the postal inspector. *Id.* The district court agreed and prohibited the testimony concerning defendant's additional statements. *Id.*

In affirming this ruling, the Sixth Circuit emphasized that, on direct examination, the United States had properly elicited the defendant's admissions to the postal inspector because they constituted statements of a party opponent under Rule 801(d)(2). *Id.* at 545. In contrast, "any testimony by [the] Postal Inspector on cross-examination by [defendant's] counsel regarding additional statements made by [defendant] that had not already been introduced on direct examination would have constituted inadmissible hearsay." *Id.* This improper defense tactic "would have effectively allowed [the defendant] to testify without being under oath, without cross-examination, and without direct scrutiny by the jury." *Id.* Accordingly, the Sixth Circuit affirmed the prohibition of this form of cross-examination.

Here, during various recorded conversations, Mr. Higgins made certain self-serving statements concerning his alleged insurance fraud scheme. He may not introduce these statements during any cross-examination of government witnesses because, under those

4

circumstances, these utterances constitute inadmissible hearsay.[1] See Fed. R. Evid. 801(d)(2)(A); *McDaniel*, 398 F.3d at 545.

## III

## **CONCLUSION**

The United States respectfully requests that the Court grant this motion.

---

[1] Nor would the rule of completeness allow Mr. Higgins to introduce those statements. The Sixth Circuit repeatedly has concluded that Federal Rule of Evidence 106 "covers an order of proof problem; it is not designed to make something admissible that should be excluded." *United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013); *see also United States v. McQuarrie*, 817 Fed. Appx. 63, 80-81 (6th Cir. 2000) (same). Self-serving hearsay "may not come in solely on the basis of completeness." *United States v. Shaver*, 89 Fed. Appx. 529, 533 (6th Cir. 2004).

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on defendant's counsel this 8th day of January 2021 via the Court's ECF System.

                                        s/Brent G. Tabacchi
                                        BRENT G. TABACCHI
                                        Assistant United States Attorney