```
                UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION AT DAYTON
```

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:18CR186TMR |
|  | : |
| Plaintiff, | : **MOTION IN LIMINE NO. 4:** |
|  | : **PROPOSED ADMISSION OF RULE** |
| vs. | : **404(B) EVIDENCE CONCERNING** |
|  | : **RETALIATORY INTENT** |
| **BRIAN HIGGINS,** | : |
|  | : |
| Defendant. | : |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files this motion in limine to deem admissible at trial certain Rule 404(b) evidence. This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at any hearing on this motion.

DATED: January 24, 2021          Respectfully submitted,

                                 DAVID M. DEVILLERS
                                 UNITED STATES ATTORNEY

                                 s/Brent G. Tabacchi
                                 BRENT G. TABACCHI (6276029 IL)
                                 Assistant United States Attorneys
                                 Attorneys for Plaintiff
                                 602 Federal Building
                                 200 West Second Street
                                 Dayton, OH  45402
                                 Telephone: (937) 225-2910

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

While investigating the fraud scheme charged in this case, federal investigators recorded a conversation in which defendant Brian Higgins detailed his philosophy for counteracting allegations of misconduct. During this discussion, Mr. Higgins explained that, if confronted with a claim of wrongdoing, a person should level similar assertions against his accusers, even pursuing lawsuits against them in the court system. Styling this technique as "flipping it" and "reversing it", Mr. Higgins counseled that it proved a way to handle an individual who reported allegations of misconduct to government authorities.

Mr. Higgins' statements are directly probative of his intentions in filing civil lawsuits against two individuals who he knew planned to testify against him in his case. Indeed, this recording provides a precise roadmap to the attempted witness tampering and witness retaliation charges alleged against him in Counts Five through Eight of the Second Superseding Indictment. Because these statements reveal his intent, plan and mode of operation concerning precise charges in this case, this evidence satisfies Federal Rule of Evidence 404(b) and is admissible at trial.

1

**II.**

**BACKGROUND**

**A.  The Recording Concerning "Flip It" and "Reverse It"**

During late 2014, while investigating the fraud charges that led to the indictment in this case, law enforcement captured a consensually recorded conversation in which Mr. Higgins detailed his modus operandi for combating allegations of misconduct leveled against him or others.  In this recording, Mr. Higgins counseled a person identified herein as Individual B how to address complaints that a woman had directed to the City of Dayton about Individual B's business practices.

Mr. Higgins instructed Individual B to "flip it [i.e., level the same complaint] on her."  Opining that they were playing "chess not checkers", Mr. Higgins encouraged Individual B to file a defamation lawsuit against the woman.  He suggested lobbing accusations at her to force her disqualification from business with the City of Dayton.  Again emphasizing the need to "flip it and reverse it" [i.e., make similar allegations] against the complainant, he discussed efforts to sue and depose the woman in a manner that painted her in a false light.  He again reiterated that they had to play "chess" and, in this manner, they could combat the complaint.

**B.     The Witness Tampering Allegations in this Case**

During late 2018, a federal grand jury indicted Mr. Higgins for mail fraud, and federal agents arrested him on those charges the following year. During 2019, the United States produced discovery to Mr. Higgins, including a series of consensually recorded videos. These recordings necessarily revealed the identity of several potential witnesses against Mr. Higgins – including Individual A and Individual B.

During March 2020 -- after receiving the discovery materials -- Mr. Higgins filed a pro se civil lawsuit in state court against Individual A and Individual B. (Through various filings in the state case, Mr. Higgins, in fact, identified these individuals as potential government witnesses in his criminal trial). In general terms, his civil lawsuit alleged that Individual A and Individual B had breached a contract with him over six years ago and therefore owed him various compensatory and punitive damages.

Although cloaked in the rubric of contract law, Mr. Higgins' complaint essentially accused Individual A and Individual B of committing the fraud with which he is charged in this case. Through the civil proceedings, Mr. Higgins attempted to compel production of discovery, to take depositions and otherwise encumber Individual A and Individual B – all before the state court placed a stay on that matter. During late 2020,

3

based on these events, a federal grand jury indicted Mr. Higgins for multiple counts of attempted witness tampering and witness retaliation targeting Individual A and Individual B.

### III.

### ARGUMENT

A. **The 2014 Recording Constitutes Admissible Evidence of Mr. Higgins' Retaliatory Intent, Scheme, Plan or Modus Operandi and Therefore Is Admissible under Rule 404(b)**

Mr. Higgins' recorded conversation with Individual B constitutes admissible evidence under Rule 404(b). Detailing a scheme to sue and silence a complainant, this recording is probative of Mr. Higgins' true intentions – namely, to harass and to retaliate – when he filed his March 2020 lawsuit against two government witnesses. The recording also tends to establish a common scheme, plan, or modus operandi that Mr. Higgins' deploys to improperly combat allegations leveled against him. Because the recording advances the proper purposes of Rule 404(b), it is admissible at trial.

Rule 404(b) favors admissibility; it is a "rule of inclusion, not exclusion." *United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996). Under this provision, "[e]vidence of other crimes, wrongs, or acts . . . may [] be admissible . . . as proof of intent, . . . knowledge . . . or absence of mistake or accident", Fed. R. Evid. 404(b), as well as common scheme, plan, or modus operandi. *See United States v. Yu Qin*, 688 F.3d 257, 262-63 (6th Cir. 2012) (Rule 404(b) permits admission of

4

evidence establishing "participation in a common scheme or plan"). To admit evidence under this rule, a court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior acts occurred; (2) determine that the other act evidence is admissible for a proper purpose, *i.e.,* to establish intent, lack of mistake, etc.; and (3) consider if the evidence satisfies Federal Rule of Evidence 403. *See United States v. Mack,* 258 F.3d 548, 553 (6th Cir. 2001); *Yu Qin*, 688 F.3d at 262.

The recording satisfies this standard. First, competent evidence proves that Mr. Higgins' statements occurred. Specifically, video recordings captured him explaining his philosophy for countering allegations of misconduct.

Second, evidence concerning these statements serves proper purposes – namely, establishing Mr. Higgin's intent, plan, or mode of operation. To prove the witness tampering allegations in this case, the United States must demonstrate that Mr. Higgins acted either with intent to harass or with intent to retaliate against the identified government witnesses. He has pleaded not guilty to these charges, thereby placing his intent at issue and opening the door to the admission of other act evidence. *See United States v. Lattner*, 385 F.3d 947, 957 (6th Cir. 2004); *see United States v. Suarez,* 617 Fed. Appx. 537, 542-43 (6th Cir. 2015) (discussing attempted witness tampering as a specific intent crime).

5

The recordings are directly probative of this material issue of intent. His prior advice counseled to "flip" allegations on accusers and "reverse" their claims by pursuing litigation against them. Here, the witnesses provided information that Mr. Higgins engaged in an insurance fraud scheme and plan to testify against him. Upon learning this information, Mr. Higgins filed a civil complaint against these individuals, making near identical allegations concerning them. His actions of flipping and reversing allegations against complaining witnesses reflect directly on his intent to harass and retaliate against these individuals. *See United States v. Headley*, 2000 WL 1359620, at *6 (6th Cir. Sept. 11, 2000) (recording in which defendant detailed planned assault of opposing party's counsel in prior litigation admissible under Rule 404(b) to show intention to tamper with witness in current criminal case). His statements are equally probative of a common scheme, plan or modus operandi; by his own admission, Mr. Higgins employs a "chess" not "checker"-like strategy to retaliate and harm individuals that report potential misconduct to government authorities. In sum, the recording is directly relevant and probative of material issues in this case – namely, the intentions behind Mr. Higgins' civil suit against the United States' witnesses.

Third, the evidence is proper under Rule 403, which favors admissibility of materials. *See United States v. Jones*,

6

554 Fed. App'x 460, 473 (6th Cir.2014) (White, J., concurring) ("Rule 403 favors admissibility"). To warrant exclusion under this rule, the probative value of evidence must be substantially outweighed by its unfairly prejudicial effect. Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee Notes. Evidence is not unfairly prejudicial merely because it has an adverse effect on the defense; unfair prejudice occurs only when "the jury responds negatively to some aspect of the evidence unrelated to its tendency to make the contested fact more or less probable." *United States v. Savinovich*, 845 F.2d 834, 837 (9th Cir. 1988).

Here, the recording tends to establish Mr. Higgins' intent and plan in filing the lawsuit. To be sure, this evidence may undermine his likely claim that he filed the lawsuit in good faith more than six years after the events giving rise to it. That fact, however, is not "unfair" prejudice. *See Savinovich*, 845 F.2d 834, 837. Rather, this is the very reason that this material is admissible. As such, the recordings are admissible under Rule 404(b).

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on defendant's counsel this 24th day of January 2021 via the Court's ECF System.

                                      s/Brent G. Tabacchi
                                      BRENT G. TABACCHI
                                      Assistant United States Attorney