IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:18-CR-00186 |
| vs. | : | |
| | | JUDGE THOMAS M. ROSE |
| BRIAN HIGGINS | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO THE GOVEVERNMENT'S MOTIONS IN LIMINE, NUMBERS 1, 2, 3, AND 4**

Defendant, Brian Higgins, through the undersigned Counsel, offers the following responses to the Motions in Limine filed by the Government (Docs# 60, 61, 62 and 63).

**1) Motion in Limine No. 1: Exclusion of Irrelevant Arguments and Evidence**

The Government seeks to exclude any testimony that they characterize as irrelevant and immaterial. Specifically, the Government cites the several documents and accompanying attachments that Mr. Higgins, outside of the advice of Counsel, disseminated in "Affidavit" filings and email blasts to the AUSA and others in the DOJ, as well as elected officials. These "filings" by Mr. Higgins reference his perceived public corruption and bad faith dealings with various contracts awarded in the City of Chicago.

The Defense concedes that many of Mr. Higgins unilateral filings are indeed irrelevant to the extent that they concern the "Code of Silence;" "What about the Children;" compelling the FBI to secure a meeting with him; the number of days that have passed from his arrest to the trial date, disparaging comments regarding members of the prosecution team and the statutory penalties of

the charged offenses. Therefore, the Defense concedes that testimony, evidence or argument regarding these issues is irrelevant to the charges set-forth in the indictment.

However, the Defense does not concede that the circumstances surrounding Mr. Higgins' arrest at the FBI offices in Centerville, Ohio on April 30, 2019 are irrelevant and immaterial. The Defense received numerous documents in Discovery. Several pages concern the surveillance of Mr. Higgins at his residence and on public streets as well as documents concerning the FBI Agent(s) phone messages to Mr. Higgins to arrange the April 30, 2019 meeting in question.

The Government cites the *Keller* case 394 Fed. Appx. 158 (5th Cir.), for the premise that testimony regarding the circumstances of the Defendant's arrest is irrelevant under Evid. R. 401. The facts in Mr. Higgins' case are distinguished from the facts in *Keller.* In *Keller*, the Defendant faced charges of income tax violations. She was arrested at her home and sought to testify regarding the nature of the Officers conduct; "kicking in the door," etc. In Mr. Higgins' case, his arrest was not at his home, but rather was an intricate ruse, designed by the FBI to lure him to their offices under false pretenses.

Notwithstanding the fact that the C.I. was in regular and constant contact with Mr. Higgins, during the several months leading up to his arrest, the C.I. could easily have effectuated a meeting with Mr. Higgins for his arrest. Instead, Mr. Higgins was "lured" to the FBI office in Centerville, not for the purported reasons Mr. Higgins thought, that of sharing information regarding public corruption in Chicago, but to arrest him on an Indictment filed 16 months and 17 days prior. Mr. Higgins' interest in presenting testimony at his trial regarding this notable incident is not for the purpose of confusing the issues, misleading the jury, undue delay or any other prohibitions set

forth at Fed. R. Evid. 403; rather, the probative value of the events around his arrest go to Mr. Higgins' state of mind at the time of his arrest, which is relevant to his defense.

Relevant evidence is defined in Fed.R. Evid. 401 as evidence having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy is an extremely broad concept. Both the Supreme Court and the Sixth Circuit have noted that the standard set forth in Rule 401 is a liberal one." *Hinkle v. Ford Motor Co.,* 2012 WL 4049477, *1-2 (E.D. Ky. Sept. 13, 2012).

**2) Motion in Limine No 2: Motion in Limine Requesting Order Declaring Certain Defendant's Statements Inadmissible Hearsay**

As Counsel for Mr. Higgins, we are experienced trial attorneys and will not engage in improper cross-examination. However, trials are fluid events, and we cannot anticipate exact questions to be posed on cross-exam, or the responses of the Government's witnesses.

To the extent that during the trial, testimony that is elicited may arguably constitute hearsay, the Defense respectfully reserves the right to argue that such statements may still be offered, under the hearsay exceptions, generally noted in Fed R. Evid. 803 *et seq.*

**3) Motion in Limine No 3: Proposed Admission of *Res Gestae* or Inextricably Intertwined Evidence**

The Government seeks to introduce information they believe is inextricably intertwined with the facts of the present case and is necessary to give context to the allegations set-forth in the indictment. The Defense opposes the use of *Res Gestae* evidence by the Government.

"[T]he background circumstances exception to the general exclusion of other acts evidence is not an open-ended basis to admit any and all other act evidence the proponent wishes to introduce. Rather, the very definition of what constitutes background evidence contains inherent

3

limitations." *U.S. v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has causal, temporal, or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witnesses' testimony, or completes the story of the charged offense." *Id.* *Res Gestae* evidence is admissible when it is "inextricably intertwined with the charged offense." *U.S. v. Clay,* 667 F.3d 689, 697 (6th Cir.2012).

A. <u>Mr. Higgins efforts to introduce Individual A to public officials and conversations with Individual A, concerning the public officials and the Insurance Fraud, that are within the same conversations</u>

The Government claims that the start of the investigation into Mr. Higgins and his efforts to introduce witnesses to purportedly corrupt public officials are inextricably intertwined with the charged offenses and therefore are admissible. The Defense disagrees and submits that any evidence concerning Mr. Higgins' involvement in introducing witnesses to supposed corrupt public officials and discussing other business not associated with his specific charges of Mail Fraud and Witnesses Tampering and Retaliation are not probative in anyway. In fact, the danger of admitting such evidence precludes Mr. Higgins from having a fair trial.

As it relates to Mr. Higgins, the facts alleged in the indictment make no reference to government corruption or Mr. Higgins' involvement in the public corruption. Therefore, any evidence regarding public corruption and Mr. Higgins is not integral or inextricable to the charges he is facing. These events do not arise from the same events in his charged offenses. It is possible to present evidence associated with Mr. Higgins' alleged actions without introducing evidence regarding any participation he might have had with introductions to alleged corrupt public officials. Any presentation of such evidence puts Mr. Higgins in an unenviable position to

4

essentially defend against any perceived wrongdoing the Jury might suspect, in addition to putting forth a relevant defense to his bona fide charges.

Notwithstanding the Government's argument that "Mr. Higgins and Individual A engage in conversations that bounce rapidly between the charged fraud scheme and their contemporaneous efforts to solicit improper assistance from public figures," it is this kind of evidence that prejudices Mr. Higgins from having a fair and impartial trial.  Such testimony is not needed to "complete the story," because the relevant story concerns the Insurance funds, the repairs to the Meeker residence and the traceable transactions of the checks in question as reflected in the Bank records; not Mr. Higgins' interactions with other persons associated with alleged political corruption.  This information is "not necessary to set the context" of the Government's case.  *U.S. v. Powers,* 500 F.3d 500, 510 (6th Cir. 2007).

B.  Evidence of Liens on the Meeker Residence at the Time of the Insurance Claim

The Government wishes to introduce evidence of the Liens Mr. Higgins incurred on the Meeker residence, to show motive for the insurance fraud, under the *Res Gestae* exceptions.  The Government also argues, in the alternative, that the admission of these Liens, to show motive, constitutes permissible evidence under R. 404(b).

While the Government submits that such *Res Gestae* is permissible as the "liens provide a prelude to, and the backdrop of, Mr. Higgins' alleged fraudulent actions . . . . They are directly probative of the crimes with which he is charged . . ."  The Defense submits that any evidence regarding the liens on the Meeker residence are not being used to show motive, but are being offered to show action in conformity, or character evidence, which is expressly prohibited.

Even if the Court finds that this information is proper "background information" or as evidence of "motive" or "intent," the information should be excluded under Fed. R. Evid. 403. Fed. R. Evid. 403 provides that relevant evidence may be excluded "if its probative value is outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "Evidence is not excluded merely because it is damaging or prejudicial to a defendant's case; rather, it must be *unfairly* prejudicial." *Hinkle,* 2012 WL 4049477, *1. The probative value here is clearly outweighed by its prejudicial effect.

Evidence is inadmissible under 404(b) when it is more prejudicial than probative. However, since virtually all evidence admitted by the opposing party is prejudicial by nature, the Sixth Circuit has clarified that this "refers to evidence which tends to suggest decision on an improper basis." *U.S. v. Mendez, Ortiz,* 810 F.2d 76, 79 (6th Cir. 1986).

**4) Motion in Limine No. 4: Proposed Admission of Rule 404(B) Evidence Concerning Retaliatory Intent**

A. <u>The Recording concerning "Flip it" and "Reverse It"</u>

The Government seeks to introduce a taped conversation between Mr. Higgins and Individual A, wherein Mr. Higgins states that "when confronted with a claim of wrongdoing a person should level similar assertions against accusers, even pursuing lawsuits against them . . . ."

The Government argues that the use of this recording constitutes admissible evidence of Mr. Higgins' retaliatory intent, scheme, plan or modus operandi as contemplated in Fed. R. Evid 404(b). The Defense opposes any admission of this evidence under 404(b), as Mr. Higgins was expressing his opinion, he did not commit a crime. His reasons for making those statements are

6

open to interpretation and fall under a prohibited use of Fed. Evid. R. 404 "Character, "contrary to the Government's suggestion that the recording advances the proper purpose of 404 (b).

    B. <u>Witness Tampering and Witness Retaliation – Civil Suit for Breach of Contract</u>

Mr. Higgins did file a civil complaint against the individuals identified in the Second Superseding Indictment (Doc#57). This civil complaint alleges a Breach of Contract cause of action, relating to the contract between these individuals that began in 2014. Mr. Higgins was well within his rights to bring this Breach of Contract action, notwithstanding the attenuation of time between the Breach event and the filing of the lawsuit in March of 2020. The Ohio Revised Code §2305.06 allows for an eight-year statute of limitations for pursuing a Breach of Contract action, and Mr. Higgins timely filed his complaint. The Defense argues that any evidence of Mr. Higgins' civil lawsuit goes to impermissible "character" evidence and should be excluded.

Fed. R. Evid. 404(b)(1) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the same evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." However, even "evidence deemed admissible under Rule 404(b) may be excluded pursuant to Evid. R. 403. *United States v. Guy,* 708 F. App'x 249, 260 (6th Cir. 2017), *cert. denied,* 138 S. Ct. 751 (2018). Evid. R. 403 allows the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

7

Regarding both the recorded conversation and the civil lawsuit filed by Mr. Higgins, should be excluded as impermissible "character" evidence and under Fed. R. Evid. 403, as any probative value is outweighed by its prejudicial effect.

Respectfully submitted,

/s/Tamara S. Sack
Tamara S. Sack (OSC#71163)
130 West Second Street, Suite 310
Dayton, Ohio 45402
Ph: (513) 225-2887
tsacklaw@gmail.com


/s/Paul M. Laufman
Paul M. Laufman (OSC#66667)
Laufman & Napolitano, LLC
4310 Hunt Road
Cincinnati, OH 45242
Ph: (513) 621-5563
plaufman@In-lawfirm.com


CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Defendant's Response to the Governments Motions in Limine, Numbers 1,2,3 and 4, utilizing the United States District Court's E-Filing CM/ECF system on the 16th day of February 2021.

/s/Tamara S. Sack
Tamara S. Sack