UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 3:18-cr-00186 |
| : | |
| v. : | |
| : | Judge Thomas M. Rose |
| BRIAN HIGGINS, : | |
| : | |
| Defendant. : | |

---

**ENTRY AND ORDER DENYING SECOND MOTION TO WITHDRAW AS CJA COUNSEL (DOC. NO. 97)**

---

The Court submits this order to supplement its ruling on the record during the January 5, 2022 hearing denying the Second Motion to Withdraw as CJA Counsel (Doc. No. 97) (the "Motion"), filed by counsel for Defendant Brian Higgins ("Higgins").

Based on the evidence and arguments presented, none of the factors guiding the Court's consideration weigh in favor of granting the Motion and allowing Higgins' counsel to withdraw. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001) (identifying factors for consideration); *United States v. Watson*, 620 F. App'x 493, 497-503 (6th Cir. 2015) (affirming district court's decision to refuse to remove appointed counsel); *U.S. S.E.C. v. Merklinger*, No. 08-CV-13184-DT, 2009 U.S. Dist. LEXIS 99294, 2009 WL 3498721, at *2-3 (E.D. Mich. Oct. 26, 2009) (weighing *Mack* factors in decision to deny motion to withdraw as counsel).

Higgins was originally indicted on December 13, 2018. (Doc. No. 5.) The Court appointed Tamara S. Sack and Paul M. Laufman as co-counsel for Higgins on April 2, 2020 and September 30, 2020, respectively. Thus, Higgins has been represented by not one, but two appointed counsel for more than a year now. Both counsel are experienced and respected criminal defense attorneys.

1

An earlier motion to withdraw—filed after Higgins notified his counsel that he wanted to terminate their representation of him—was dropped on or about January 22, 2021. (Doc. No. 58.) Counsel filed the present Motion on December 20, 2021, twenty-one days before commencement of trial on January 10, 2022. (Doc. Nos. 88, 97.) Higgins agreed during the January 5, 2022 hearing that the Motion was filed at the eleventh hour. The Court finds that the untimeliness of the Motion weighs against granting it. *Watson*, 620 F. App'x at 501 (factor weighed against granting motion filed nineteen days before trial, and citing cases where motions filed twenty-two days and a-month-and-a-half before trial were considered "not timely").

The Court inquired into the matter. In addition to reviewing the Motion, the Court held a hearing on the Motion during the afternoon of January 5, 2022. The Court asked Higgins to explain the basis for the Motion and his concerns. The Court heard multiple times from Higgins, both of Higgins' counsel, and counsel for the Government regarding the issues raised. The Court also asked questions to further inquire into the matter and clarify various assertions made by Higgins and his counsel. *See United States v. Chambers*, 441 F.3d 438, 447 (6th Cir. 2006).

Although it was apparent during the hearing that Higgins and his counsel were frustrated with one another and had experienced prolonged difficulties in their relationship, and "despite [Higgin's] complaint and [his counsel's] request to withdraw, there was not the kind of complete breakdown in communication that would necessitate substitution of counsel" only days before trial. *Watson*, 620 F. App'x at 502. Higgins stated that both his co-counsel are "more than decent attorneys," that he never misses their calls or an appointment with them, and that he responds to emails (which Ms. Sack acknowledged). Much of Higgins' frustration stems from perceived misrepresentations by counsel concerning an alleged failure to set up a meeting with the FBI to discuss the safety of sexually abused children in Chicago. The Court already ruled that information

2

regarding such a meeting and those children is "irrelevant to the charges set forth in the indictment." (Doc. No. 75 at PageID 716-18 (granting Motion in Limine No. 1).) The other concern voiced by Higgins—counsel allegedly feigning concern about his competency—likewise is not relevant to the charges in the indictment.

Ms. Sack explained that she and Mr. Laufman had been doing their best to represent Higgins in the best possible way. She explained that at least some of the frustration appears to stem from strategic legal decisions that counsel made (such as which witnesses to call at trial). She also expressed concern over the inability to get Higgins to focus on this case. *See Watson*, 620 F. App'x at 502 (noting that, to some extent, the cracks in the attorney-client relationship were due to the defendant's recalcitrance and refusal to cooperate with his counsel). Mr. Laufman explained that Higgins was personally attacking him (including accusing him of having deceived the Court) and that he disagrees with the characterizations Higgins has made about certain statements. While these certainly are unfortunate developments in the attorney-client relationship, the Court finds that they do not call for granting the motion to withdraw at this late stage of the case. It is the Court's impression that counsel have continued to do their best to prepare for trial and that counsel will be prepared for trial. *See id.*, 620 F. App'x at 498, 500 (defendant complained about counsel's perceived ineffectiveness, counsel expressed concern that defendant did not trust counsel or counsel's advice, and counsel was concerned that the breakdown in communication would jeopardize his compliance with his professional duties); *United States v. Price*, 761 F. App'x 568, 573 (6th Cir. 2019) (conflict did not "result in a total lack of communication that prevented an adequate defense" and court was convinced counsel was prepared for trial and had done all she could to prepare for it).

Finally, granting the Motion would almost certainly necessitate a last-minute continuance of the trial. This case has been pending for over three years and has been continued many times. (*See* Doc. Nos. 15, 19, 23, 33, 56, 66, 74.) Higgins' counsel have worked on the case for well over a year. The Government indicated that it was ready for trial, had made travel arrangements for all of its witnesses (including out-of-state witnesses), had over 50 trial exhibits ready, and met with defense counsel on several occasions to share with them audio files that the Government anticipates using as exhibits. The Court also is aware that Higgins' counsel has been preparing for trial.[1] The Court finds that the public's interest in the prompt and efficient administration of justice weighs heavily in favor of denying the motion and proceeding to trial as scheduled. *United States v. Vasquez*, 560 F.3d 461, 468 (6th Cir. 2009) (affirming denial of motion for substitution of counsel; explaining that defendant's "trial had already been substantially delayed due to his flight and previous requests for continuances" and "[s]ubstitution of counsel would almost certainly necessitate a last-minute continuance") (internal quotation marks omitted); *Chambers*, 441 F.3d at 447-48 (affirming decision of district court, which "stated that the proceedings had been very slow moving up to that point and was reluctant to continue them any longer").

For the reasons stated above and on the record during the January 5, 2022 hearing on the Motion, the Court **DENIES** the Second Motion to Withdraw as CJA Counsel (Doc. No. 97).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 6, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] Counsel for the Government opined at the January 5, 2022 hearing that he doubts obtaining new counsel for Higgins would solve the concerns presented, an opinion with which the Court tends to agree given the nature of the concerns presented and the history of this case. *See Watson*, 620 F. App'x at 498 (defendant had previously complained about his counsel's representation); *Price*, 761 F. App'x at 573 (upholding district court's judgment that public's interest in the prompt and efficient administration of justice supported denying the motions to withdraw and for new counsel, where the district court explained that it had no confidence that replacing defendant's counsel with another lawyer would solve the problem).