UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　Plaintiff, | CASE NO. 3:18-CR-186 |
| Vs. | JUDGE THOMAS M. ROSE |
| BRIAN HIGGINS,<br>　　　　Defendant. | |

## DEFENDANT BRIAN HIGGINS' PROPOSED JURY INSTRUCTIONS

Defendant, Brian Higgins, through undersigned Counsel, respectfully submit the following:

1) Regarding the Government's Proposed Jury Instructions Annotated Set[1] as Counsel for the Defendant, we do not object and join in those proposed Jury Instructions.

2) Regarding additional proposed Jury Instructions on behalf of Defendant, Brian Higgins, we, the undersigned Counsel, respectfully request that the Court consider the following proposed instructions:

### DEFENSE PROPOSED INSTRUCTIONS

**A. Counts One through Three of the Fourth Superseding Indictment – Mail Fraud**

**B. Counts Five and Six – Witness Tampering**

**C. Counts Seven and Eight – Witness Retaliation**

　**1. Proposed Jury Instruction for these Counts: <u>Advice of Counsel</u>**

---

[1] Filed of Record on December 31, 2021, Doc #99

The Sixth Circuit Pattern Criminal Jury Instructions[2] does not contemplate an instruction for "Advice of Counsel." Therefore, Defense Counsel relies on the instruction set-forth in the Eighth Circuit Pattern Jury Instructions at 9.09: Taken from the Model Federal Jury Instructions.

**Advice of Counsel – Mail Fraud**

As this instruction relates to the Mail Fraud Counts, part of the Defendant's actions in relation to these charges concern advice he received from his Attorney. Accordingly, the Defense respectfully requests the following Jury Instruction:

One of the issues in this case is whether the defendant in good faith followed the advice of his counsel, that is, his attorney. Advice of counsel is not a defense to the crime. Advice of counsel is a circumstance that may be considered by you in determining whether the defendant acted in good faith and lacked the "knowing" intent to Defraud. The defendant does not act "knowingly" with intent to defraud if (1) before taking action with regard to the alleged offense, the defendant in good faith consulted an attorney whom the defendant considered competent; (2) the defendant's consultation with the attorney was for the purpose of securing advice on the lawfulness of the defendant's possible future conduct; (3) the defendant made a full and accurate report to that attorney of all material facts known to the defendant; and (4) the defendant then acted strictly in accordance with the advice the attorney gave him. Whether the defendant in good faith followed the advice of counsel by meeting all four of the above prerequisites is for you to determine.[3]

**Advice of Counsel – Witness Tampering and Witness Retaliation**

---

[2] www.ca6.uscourts.gov/internet/crim_jury_insts.htm.
[3] Modern Federal Jury Instructions – Criminal, Copyright 2022, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

As this instruction relates to the Witness Tampering and Witness Retaliation, the Defendant's actions in relation to these charges concern advice he received from an attorney who he considered competent.

Accordingly, the Defense respectfully requests the following Jury Instruction:

One of the issues in this case is whether the defendant in good faith followed the advice of his counsel, that is, his attorney. Advice of counsel is not a defense to the crime. Advice of counsel is a circumstance that may be considered by you in determining whether the defendant acted in good faith and lacked the "intent to harass" and to "knowingly intend to retaliate."

The defendant does not act "knowingly" with intent to harass or retaliate if (1) before taking action with regard to the alleged offense, the defendant in good faith consulted an attorney whom the defendant considered competent; (2) the defendant's consultation with the attorney was for the purpose of securing advice on the lawfulness of the defendant's possible future conduct; (3) the defendant made a full and accurate report to that attorney of all material facts known to the defendant; and (4) the defendant then acted strictly in accordance with the advice the attorney gave him. Whether the defendant in good faith followed the advice of counsel by meeting all four of the above prerequisites is for you to determine.[4]

2. **Proposed Jury Instruction for Counts One through Three, Mail Fraud – Expert Witness Testimony**

As this testimony relates to the charges concerning Mail Fraud, the Court has issued an Order and Entry allowing for the Defendant's Expert to give limited testimony regarding the

---

[4] Modern Federal Jury Instructions – Criminal, Copyright 2022, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

allegations set forth in these counts.[5] Accordingly, the Defense respectfully requests the following Jury Instruction:[6]

**EXPERT WITNESS TESTIMONY**

Ordinarily, a witness is not permitted to testify as to their own opinions or their own conclusions about important questions at a trial. An exception to the rule exists for those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you think it deserves. You should consider the testimony of the expert witness just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based on sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety

Remember that you alone decide how much of the witness' testimony to believe, and how much weight it deserves.

WHEREFORE, undersigned Counsel respectfully moves the Court to consider the Proposed Jury Instructions of the Defendant, Brian Higgins.

Respectfully submitted,

/s/ Tamara S. Sack

---

[5] Entry and Order Granting in part and Denying in part Govt's Motion to Exclude Testimony of Proposed Defense Expert, Doc #102, filed of record on January 4, 2022.
[6] Authority for this instruction is from *United States of America v. Richard E. Skelton, II.* 3:15 – CR - 28

Tamara S. Sack (OSC#0071163)
130 W. Second St., Suite 1700
Dayton, Ohio 45402
Ph: (513) 225-2887
tsacklaw@gmail.com

/s/ Paul M. Laufman
Paul M. Laufman (OSC#66667)
Laufman & Napolitano, LLC
4310 Hunt Road
Cincinnati, OH 45242
Ph: (513) 621-5563

Certificate of Service

I hereby certify that on January 7, 2022, I filed the within document, entitled Defendant, Brian Higgins' Proposed Jury Instructions, utilizing the CM/ECF filing system maintained by the United States Clerk of Court.

/s/ Tamara S. Sack
Tamara S. Sack
