**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-cr-186 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| BRIAN HIGGINS, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING
DISPOSITION OF APPEAL (DOC. NO. 127)**

---

This case is before the Court on the Motion for Release Pending Disposition of Appeal (Doc. No. 127) (the "Motion"), filed by Defendant Brian Higgins ("Higgins"). In the Motion, Higgins asks "the Court to allow him to be released from custody on recognizance, pending the disposition of his Appeal." (Doc. No. 127 at PageID 1145.) The Motion is **DENIED**.

**I.  FRAMEWORK FOR DECIDING A DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

18 U.S.C. § 3143(b) addresses whether a person who has been found guilty of an offense and sentenced to a term of imprisonment should be released or detained pending an appeal by a defendant. The text of the statute creates a presumption against release pending appeal. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002) ("[t]he Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal"). The statute states:

(b) Release or detention pending appeal by the defendant. –

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

1

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>> (i) reversal,
>> (ii) an order for a new trial,
>> (iii) a sentence that does not include a term of imprisonment, or
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b).

Therefore, Section 3143(b)(1) "requires a district court to make two findings before granting bail pending appeal." *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). However, Section 3143(b)(2) provides that a defendant must be detained if the defendant has been found guilty of certain offenses. *See* 18 U.S.C. 3143(b)(2).

## II. APPLICATION

Here, Higgins is not subject to the mandatory detention provision in 18 U.S.C. § 3143(b)(2). A jury found him guilty of three counts of mail fraud (18 U.S.C. §§ 1341 and 2) and two counts of witness retaliation (18 U.S.C. § 1513(e)). (Doc. No. 95 at PageID 895-905, 908-09; Doc. No. 112.) The Court held a sentencing hearing on May 25, 2022. (Doc. No. 126.) The Court sentenced Higgins to 24 months of imprisonment for each of the mail fraud offenses and to 36

months of imprisonment for each of the witness retaliation offenses, all to run concurrently for a total aggregate sentence of 36 months of imprisonment. (*See id*.)

However, the Court makes neither of the two findings necessary to permit Higgins to be released pending appeal, pursuant to 18 U.S.C. § 3143(b)(1). First, Higgins has not shown "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). The Court explained during the sentencing hearing that Higgins poses a danger to the safety of the community. Moreover, although the Court acknowledges that Higgins has not missed a court appearance and is both employed and maintains his own apartment in the Dayton area, the Court is concerned about his failure to comply with certain court rules and orders. As discussed during the sentencing hearing, Higgins has repeatedly violated rules and orders of the Court, including violating the prohibition against making an audio recording of a courtroom proceeding (*see* S.D. Ohio Civ. R. 83.2(a); S.D. Ohio Crim. R. 1.2) and violating the protective order entered in this case (*see* Doc. No. 43 (decision finding that Higgins violated the protective order)). Higgins' own Motion reflects that he has done so. (Doc. No. 127 at PageID 1145-46 ("Mr. Higgins was denied Voluntary Surrender, upon the Government's showing that Mr. Higgins engaged in prohibited behavior; taping Court proceedings and publishing documents contemplated in the Protective Order filed of Record in this case").) This further supports denial of the Motion. *See United States v. Flores*, 856 F. Supp. 1400, 1408 (E.D. Cal. 1994) (confirming order to detain defendant pending trial; the court's earlier confidence that conditions could be fashioned that would assist in protecting the safety of the community were "significantly detract[ed]" by defendant's subsequent violation of the court's order that he not contact any potential government witness); *United States v. Ramos-Caballero*, No. 21-MJ-856, 2021 U.S. Dist. LEXIS 150064, 2021 WL 3489578, at *3-4 (D.N.M.

Aug. 9, 2021) (ordering that defendant remain under pretrial detention based on, among other things, "Defendant's history of willfully violating orders of the court").

Second, the Court does not find that Higgins' appeal raises a substantial question sufficient to overcome the presumption against release pending appeal. 18 U.S.C. § 3143(b)(1)(B). Regarding the necessary finding under Section 3143(b)(1)(B), the Sixth Circuit has explained that "an appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182 (internal quotation marks omitted). Higgins makes no showing that his appeal would present such a question. In fact, his Motion simply states: "His pursuing an appeal is not to further delay his case and he believes he has meritorious arguments to raise on appeal." (Doc. No. 127 at PageID 1146.) "[M]ere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal." *United States v. Moore*, 849 F.2d 1474 (Table), 1988 WL 63191, at *1 (6th Cir. June 16, 1988).

Therefore, Higgins' Motion must be denied.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 26, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
