# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:18-cr-186

                                District Judge Thomas M. Rose
  - vs -                      Magistrate Judge Michael R. Merz

BRIAN HIGGINS,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This proceeding under 28 U.S.C. § 2255 is before the Court for review of Defendant's Amended Motion to Vacate (ECF No. 171).

When the Magistrate Judge attempted to conduct an initial review of this case under Rule 4 of the Rules Governing § 2255 Cases, he noted a number of formal deficiencies in the original Motion to Vacate (ECF No. 158) and ordered Defendant to remedy those deficiencies by filing an amended motion (Order, ECF No. 163).  Having taken nearly seventy days to do so, Defendant has filed an Amended Motion which fails to cure the deficiencies.

The Order to amend noted that Rule 2 of the Rules Governing § 2255 Motions requires that such a motion be "verified," to wit, signed under penalty of perjury.  The original Motion was noted to contain a twenty-five page statement of alleged facts that was not sworn to.  The Amended

Motion also has a Statement of Facts presented as if made of Defendant's own knowledge, PageID 2731-67, which is still not sworn to.

Another deficiency in the original Motion which Defendant was ordered to correct was failure to give an explanation of why certain of his claims could not have been brought on direct appeal (ECF No. 163, PageID 2701). As explained in the Order to amend, that information is necessary to determine if any of Defendant's claims are procedurally defaulted. *Id.* Instead of responding in terms of what evidence was or was not available to be included in the appellate record, Defendant has responded with a purported quotation from *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir. 2001): "Ordinarily we will not review a claim of Prosecutorial Misconduct on direct appeal because the record is usually insufficient to permit an adequate review of such claim." PageID 2746. This quotation is falsified. What the Sixth Circuit actually said at that point in the opinion was "Ordinarily, we do not review claims of ineffective assistance of counsel on direct appeal," citing *United States v. Jackson,* 181 F.3d 740, 747 (6th Cir.1999). Nor did Defendant stop with one falsified quotation: the citation to *Shabazz* with a misattribution to "prosecutorial misconduct" is repeated at PageID 2752, 2754, 2757, 2769, and 2763. Aside from the falsified quotation, Defendant made no effort to show what facts were or could have been part of the appellate record so as to allow the Sixth Circuit to decide his claims other than ineffective assistance of trial counsel.[1]

---

[1] The Magistrate Judge understands the strong preference of the Sixth Circuit that ineffective assistance of trial counsel claims be presented in § 2255 proceedings.

2

**Conclusion**

Because Defendant has repeatedly failed to file a motion to vacate which complies with Rule 2 of the Rules Governing § 2255 Proceedings, the Magistrate Judge respectfully recommends that these § 2255 proceedings be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 22, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge