# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 3:18-cr-186

                                        District Judge Thomas M. Rose
-  vs  -                           Magistrate Judge Michael R. Merz

BRIAN HIGGINS,

          Defendant.      :

---

## REPORT AND RECOMMENDATIONS

---

This proceeding under 28 U.S.C. § 2255 is before the Court upon the filing of Defendant's renewed Motion to Vacate (ECF No. 175). Under the Rule 4 of the Rules Governing § 2255 Proceedings, each such motion is to be preliminarily reviewed by the assigned judge or a magistrate judge to whom the matter has been referred. If it plainly appears that the movant is not entitled to relief, the Cout must dismiss the motion. Because Higgins had previously filed a motion to vacate under 28 U.S.C. § 2255 (ECF No. 158) which had been dismissed over a year ago, the undersigned ordered Higgins to show cause why this new Motion to Vacate should not be dismissed as barred by the statute of limitations (ECF No. 176). Higgins has timely responded (ECF No. 177).

1

**Statute of Limitations**

28 U.S.C. § 2255(f) sets a one-year statute of limitations on motions to vacate. The year runs from the latest to occur of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Higgins' first motion to vacate was timely filed well within a year after his conviction became final, thereby qualifying under § 2255(f)(1). However, the new Motion was filed August 22, 2025, well outside the one-year limitation. Higgins claims it is timely, relying on § 2255(f)(4) "because it was filed within one year of discovery despite due diligence." (ECF No. 177, PageID 2949). The newly-discovered evidence is described as a "2015 FBI warrant affidavit, contradicting trial testimony by key government witnesses." *Id.* at PageID 2950. He claims he discovered this affidavit in "early 2025." It was then that he discovered the affidavit of Special Agent Lance Kepple: "I was able to locate the affidavit through targeted PACER searches." To show prior diligence during 2022-24, Higgins asserts he "pursued FOIA [Freedom of Information Act] requests, requested my case file and transcript, searched PACER [Public Access to Court

2

Electronic Records], scoured public records and contacted oversight bodies. None revealed the affidavit earlier." *Id.* at PageID 2951. If the Court requires further proof of Higgins' diligence, it is invited to visit WWW.CORRUPTGMEN.COM. *Id.* at PageID 2950.

Higgins' argument for timeliness is unpersuasive; his assertions of due diligence are completely conclusory. He offers no corroborating documentation of his claimed efforts from 2022 through early 2025, nor does he says what effort eventually produced the Kepple Affidavit. He does not attach the Kepple Affidavit nor offer any citations to the transcript to other testimony he says it contradicts or is contradicted by[1].

The burden of proving diligence is on the part asserting he has been diligent. Merely asserting that one has pursued various possible avenues of discovery does not prove diligence. If my spouse says she wants a certain variety of apple for a dish she is cooking and sends me to get it, I do not prove that I tried hard enough (i.e. that I was duly diligent) if I merely say I got in the car and drove around looking. She would rightly respond "What stores did you visit? Did they have any apples? What varieties? What price?"

Because Higgins has not persuaded the Court that he diligently sought evidence on which he now relies, the new Motion should be dismissed as barred by 28 U.S.C. § 2255(f).

**Other Rule 4 Considerations**

Rule 4(b) provides that "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge[2] must dismiss the motion and direct the clerk to notify the moving party."

---

[1] The trial transcript was filed for appeal purposes (ECF No. 144-50).
[2] Actual dismissal is reserved to the District Judge assigned to the case. This document is merely a recommendation to Judge Rose, subject to objections by either party.

3

Aside from the statute of limitations issue dealt with above, it does not plainly appear Defendant is not entitled to relief. He purports to state claims for relief under *Brady v. Maryland*, 373 U.S. 83 (1963), for intentional withholding by the United States of exculpatory evidence and *Napue v. Illinois*, 360 U.S. 264, 269 (1959), for intentional presentation by the United States of perjured testimony. Higgins is at present a long way from proving those claims. Indeed, he has not yet described what exculpatory evidence was withheld or what presented evidence was perjured. But the record does not plainly show those claims are meritless.

If the new Motion is not dismissed as barred by the statute of limitations, the Magistrate Judge is prepared to order the United States to answer.

**Second or Successive**

As enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), 28 U.S.C. §2255(h) provides

> **(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

Although not required to do so by the Order to Show Cause, Defendant has included in his Response an argument why the new Motion to Vacate is not second or successive (Response, ECF No. 177, PageID 2950).  He asserts:

> A petition is "second or successive" only when it raises claims that were or could have been raised earlier. See *Panetti v. Quarterman,* 551 U.S. 950, 947 (2007). Where the factual predicate did not exist in the accessible record during the first § 2255 proceeding, a later filing based on those new facts is not barred as successive. See *Magwood v. Patterson*, 561 U.S. 320, 538-39 (2010).  The key evidence here-a 2015 FBI warrant affidavit, contradicting trial testimony by key government witnesses-was first located in 2025 despite diligent efforts. Further evidence of my diligence maybe found on the website:  WWW.CORRUPTGMEN.COM

(Response, ECF No. 177, PageID 2950).  However, Higgins does not aver he has presented his new Motion to the Sixth Circuit and received the certificate required by § 2255(h).

A district court presented with a second-in-time § 2255 motion – which Higgins' new motion clearly is – faces a dilemma.  The federal courts have repeatedly held that the bar to second or successive motions to vacate and second or successive habeas corpus petitions under 28 U.S.C. § 2254 is jurisdictional.  *Panetti v. Quarterman*, 551 U.S. 930, 942 (2007); *Post v. Bradshaw,* 422 F.3d 419, 425 (6th Cir. 2005).  Thus if a district court decides a particular motion to vacate is not second or successive and proceeds to entertain it, the circuit court may later find it to be second or successive, making the time spent on the new motion by the district court worthless.  Faced with that question, this Court has usually transferred the second motion to vacate to the circuit court under *In re Sims*, 111 F.3d 45 (6th Cir. 1997), for its determination at the outset on the second or successive question.

While this approach is straightforward and result in a prompt determination of whether the district court can proceed with a second-in-time habeas corpus petition, the situation is more

complicated when a second-in-time motion to vacate is presented. In *Avery v. United States*, 770 Fed. Appx. 741 (6th Cir. May 28, 2019), the court held the second or successive bar in 28 U.S.C. § 2244(b) applied to federal prisoners moving to vacate under 28 U.S.C. § 2255. However, in *Williams v. United States*, 927 F.3d 427 (6th Cir. Jun. 11, 2019), held that 28 U.S.C. § 2244(b)(1) applies only to state prisoners proceeding under § 2254. Although it was decided later, *Williams* does not cite *Avery*. Avery himself sought Supreme Court review which was denied. Justice Kavanagh dissented from the denial, noting

> The issue in this case concerns second-or-successive applications. As relevant here, the law provides that a "claim presented in a second or successive habeas corpus application *under section 2254* that was presented in a prior application shall be dismissed." § 2244(b)(1) (emphasis added).
>
> The text of that second-or-successive statute covers only applications filed by state prisoners under § 2254. Yet six Courts of Appeals have interpreted the statute to cover applications filed by state prisoners under § 2254 and by federal prisoners under § 2255, even though the text of the law refers only to § 2254. See *Gallagher v. United States*, 711 F.3d 315 (CA2 2013); *United States v. Winkelman*, 746 F.3d 134, 135–136 (CA3 2014); *In re Bourgeois,* 902 F.3d 446, 447 (CA5 2018); *Taylor v. Gilkey*, 314 F.3d 832, 836 (CA7 2002); *Winarske v. United States*, 913 F.3d 765, 768–769 (CA8 2019); *In re Baptiste,* 828 F.3d 1337, 1340 (CA11 2016).
>
> After Avery's case was decided, the Sixth Circuit recently rejected the other Circuits' interpretation of the second-or-successive statute and held that the statute covers only applications filed by state prisoners under § 2254. *Williams v. United States*, 927 F.3d 427 (2019).
>
> Importantly, the United States now agrees with the Sixth Circuit that "Section 2244(b)(1) does not apply to Section 2255 motions" and that the contrary view is "inconsistent with the text of Section 2244." Brief in Opposition 10, 13. In other words, the Government now

6

> disagrees with the rulings of the six Courts of Appeals that had previously decided the issue in the Government's favor.
>
> In a future case, I would grant certiorari to resolve the circuit split on this question of federal law.

*Avery v. United States*, 140 S.Ct. 1080-81 (Mem)(Mar. 23, 2020).

The Sixth Circuit's decision in *Avery* is not published and is therefore not binding precedent.[3] *Williams* is published and the undersigned has not found any contrary decision by the Sixth Circuit nor any Supreme Court decision resolving what Justice Kavanaugh refers to as the "circuit split." *Williams* is therefore binding precedent. Therefore Higgins does not require Sixth Circuit certification to proceed.

However, if Higgins objects to this Report, the United States is invited to advise the Court whether the United States continues to take the position that § 2244(b) does not apply to motions to vacate under 28 U.S.C. § 2255.

**Conclusion**

Based on the foregoing analysis the Magistrate Judge respectfully recommends that Higgins' new Motion to Vacate be dismissed as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant

---

[3] The decision in *Avery* bears the following legend: "See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S.Ct. of App. 6th Cir. Rule 32.1."

be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 16, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.