# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,      :      Case No. 3:18-cr-186

                                          District Judge Thomas M. Rose
- vs -                               Magistrate Judge Michael R. Merz

BRIAN HIGGINS,

           Defendant.      :

---

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS (ECF NO. 178), OVERRULING RESPONSE TO REPORT AND RECOMMENDATION AND DECLARATION OF BRIAN HIGGINS (ECF NO. 179), AND DENYING HIGGINS' PRO SE MOTION TO VACATE UNDER 28 U.S.C. 2255 (ECF NO. 175)

---

      This case is before the Court upon the filing of Defendant's Objections (ECF No. 179) to the Magistrate Judge's Report and Recommendations (ECF No. 178) recommending that Defendant's renewed Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 175) be dismissed with prejudice as barred by the statute of limitations.

      The Magistrate Judge found that, although Higgins' first § 2255 motion had been timely filed, the renewed motion was filed well beyond one year from the date his conviction became final, which is the date the statute would have run under 28 U.S.C. § 2255(f)(1).

1

Higgins, however, claimed the benefit of 28 U.S.C. § 2255(f)(4) "because [the renewed motion] was filed within one year of discovery despite due diligence." (ECF No. 177 at PageID 2949.) The newly-discovered evidence was described as a "2015 FBI warrant affidavit, contradicting trial testimony by key government witnesses." (*Id.* at PageID 2950.) He identified the affiant as FBI Special Agent Lance Kepple. (*Id.*) However, Higgins did not attach a copy of the Kepple Affidavit nor did he say what trial testimony it contradicted. More fundamentally, he gave no details of his supposedly diligent efforts to obtain the affidavit; he averred detail was available at the website www.corruptgmen.com. The Report rejected Higgins' purported showing of diligence because it was "completely conclusory." (ECF No. 178 at PageID 2955.) The Magistrate Judge recommended the renewed Motion be dismissed with prejudice as untimely.

Instead of objecting to the Report's conclusion that he has not shown due diligence, Higgins makes the claim that by inserting the above website address in the Report, the Magistrate Judge has committed judicial misconduct, provided a new start date for calculating the statute of limitations, and incorporated by reference all of the documents linked to that website. (ECF No. 179.)

Each of these claims is utterly without merit. The word processing program in use in this Court, Microsoft Word 365, automatically inserts a hyperlink to any website whose name is typed in the proper format. No law supports the notion that every document linked to a cited website is "incorporated by reference" into the case in which the citation is made. And reading a Report and Recommendation in a criminal case in which one is a defendant does not constitute "discovering" a factual predicate for a constitutional violation in the underlying judgment.

Accordingly, Defendant's Objections are **OVERRULED** and the Report is **ADOPTED**. The Clerk is **DIRECTED** to enter judgment dismissing Defendant's renewed § 2255 Motion (ECF

No. 175) with prejudice.  Defendant is **DENIED** a certificate of appealability and this Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

  **DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 24, 2025.

                     s/Thomas M. Rose

                _____
                  THOMAS M. ROSE
               UNITED STATES DISTRICT JUDGE